# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:  
  
DAVID L. KOSHINSKI  
MISTY M. KOSHINSKI,  

Debtor(s).

In Proceedings  
Under Chapter 7  

Case No. 16-31494

## OPINION

The debtors, David and Misty Koshinski, filed a chapter 7 petition on September 29, 2016 and an order of discharge was entered on January 18, 2017. On January 31, 2017, creditor Ross Signorino ("Signorino") filed a motion to vacate the discharge order and/or for additional time to file a complaint to determine dischargeability of debt.[1]

Signorino was previously married to Misty Koshinski's mother (Karen Signorino), who passed away on December 11, 2014. In October 2015, Signorino filed a state court complaint against the debtors, alleging that the debtors failed to pay the amount owed to Ross and Karen Signorino under the terms of a promissory note. On December 3, 2015, the state court entered a default judgment against the debtors in the amount of $15,500.00 (plus $750.00 for attorney's fees and $218.00 for court costs).

On June 21, 2016, the debtors filed a chapter 13 case in this Court (Bk. No. 16-30966), listing Ross Signorino as an unsecured creditor with a claim of $15,500.00. Signorino does not dispute that he received notice of the chapter 13 case. While the case was pending, Signorino did not file a claim or otherwise participate in the case. Less than two months after filing, the

---

[1] An amended motion to vacate the discharge order was filed on April 7, 2017 to add an affidavit from John Delaney, Signorino's attorney in state court.

1

debtors moved to voluntarily dismiss the case and an order of dismissal was entered on August 11, 2016.

On September 29, 2016, the debtors filed the instant chapter 7 petition, again listing Ross Signorino as an unsecured creditor with a claim of $15,500.00. The deadline for filing complaints objecting to discharge and dischargeability of debts was January 6, 2017. No complaints were filed. The chapter 7 trustee filed a no-asset report on November 22, 2016 and an order of discharge was entered on January 18, 2017.

In his motion to vacate the discharge order, Signorino alleges that he did not receive notice of the debtors' chapter 7 case in time to file a timely complaint to determine dischargeability of debt. The debtors dispute this, arguing that notice of the chapter 7 was properly sent to John Delaney, the attorney who represented Signorino in the state court action. In the prayer of his motion, Signorino asks that the Court either enter an order vacating the discharge or grant him additional time to "investigate the facts" and file a complaint to determine dischargeability of debt.

Signorino cited no authority in support of his request that the discharge order be vacated, leaving the Court to wonder whether he was proceeding under § 727(d)(1) of the Bankruptcy Code or some other provision.[2] A hearing on the motion - and on the debtor's objection thereto - was held on April 10, 2017, at which time the Court ordered the parties to submit briefs supporting their respective positions.

Signorino's brief does little to clarify the authority under which he seeks to vacate the debtors' discharge. Counsel first cites § 727(e) of the Bankruptcy Code, which merely sets forth

---

[2] Section 727(d)(1) provides that on request of the trustee, a creditor, or the United States trustee, "the court shall revoke a discharge granted under subsection (a) of this section if --- (1) such discharge was obtained through the fraud of the debtor and the requesting party did not know of such fraud until after the granting of such discharge…." 11 U.S.C. § 727(d)(1).

2

the time within which parties must file a request to revoke a discharge under § 727(d).[3] There is nothing in Signorino's motion or brief to suggest that he seeks revocation of the debtor's discharge under § 727(d). Assuming *arguendo* that he is relying on § 727(d), an action to revoke a discharge must be filed as an adversary proceeding. Fed.R.Bankr.P. 7001(4). As of this date, an adversary complaint to revoke the debtor's discharge has not been filed.

Counsel also cites *a portion* of Bankruptcy Rule 9024 in support of his request to vacate the discharge order. Rule 9024 provides:

> Rule 60 FR Civ P applies in cases under the Code, except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) *a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code*, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

Fed.R.Bankr.P. 9024 (emphasis added). The italicized portion quoted above is the only part of Rule 9024 cited by counsel. He provides no explanation or discussion as to why this portion of the rule supports his motion to vacate the discharge order.

The Court is aware of the Seventh Circuit's decision in *Disch v. Rasmussen*, 417 F.3d 769 (7th Cir. 2005). In *Disch*, the Court found that while the creditor did not meet the requirements for revoking a discharge under § 727(d), the discharge could nevertheless be

---

[3] Section 727(e) provides that a party may request a revocation of a discharge "(1) under subsection (d)(1) of this section within one year after such discharge is granted; or (2) under subsection (d)(2) or (d)(3) of this section before the later of (A) one year after the granting of such discharge; and (B) the date the case is closed." 11 U.S.C. §727(e).

3

vacated under Rule 60(b). *Id*. at 778-79.[4]  After a thorough and careful review of the Seventh Circuit's decision, the Court finds that the facts in *Disch* are distinguishable from those in the instant case.  Signorino has presented no facts whatsoever that would lead this Court to believe that the discharge order should be vacated.  Apparently, counsel for Signorino also did not find the *Disch* case relevant since it was not cited at oral arguments or in his brief.

Finally, counsel cites Bankruptcy Rule 9023, which provides in part as follows:

> Except as provided in this rule and Rule 3008, Rule 59 FR Civ P applies in cases under the Code.  A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Fed.R.Bankr.P. 9023.  This rule, counsel argues, authorizes the Court to re-examine its orders and judgments if an action is commenced within 14 days.  In support of his argument, counsel cites this Court's decision in *In re Dusky*, Bk. No. 15-30529.  In *Dusky*, after the discharge order was entered, the debtor discovered that she was the co-signer for the purchase of her daughter's 2008 Ford Fusion.  Debtor filed a motion to vacate her discharge in order to file an amended schedule D listing the secured creditor on the co-signed debt.  At a hearing held on September 17, 2015, the Court granted the debtor's motion *based on the limited circumstances before the*

---

[4] Rule 60(b), which is made applicable to bankruptcy proceedings by Bankruptcy Rule 9024, allows a court to vacate a final judgment or order for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

*Court*. Notably, the debtor in *Dusky* did not argue that Bankruptcy Rule 9023 supported her request to vacate the discharge nor did the Court cite that rule as the basis for its decision. Besides *Dusky*, counsel for Signorino has provided no additional authority for the proposition that Rule 9023 grants the Court authority to vacate a discharge order.  In fact, there is no meaningful discussion or analysis of Rule 9023 at all.  Counsel devotes only half of a page to Rule 9023 in his brief.

Signorino alternatively seeks authority to file a complaint objecting to dischargeabilty of debt.  Although his motion does not clearly identify the Code section under which the complaint would be filed, a significant portion of counsel's brief is devoted to § 523(a)(3) of the Bankruptcy Code.  That section provides:

> (a) A discharge under section 727 … does not discharge an individual debtor from any debt … (3) neither listed nor scheduled … with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit----
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
> (B) If such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of  such paragraph, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request….

11 U.S.C. § 523(a)(3).   Signorino argues that he did not receive timely notice of the debtors' chapter 7 case and that he is therefore entitled to file a complaint under § 523(a)(3).

Bankruptcy Rule 4007(c) requires that complaints under §§ 523(a)(2), (4) and (6) must be filed no later than 60 days after the first date set for the meeting of creditors.  There is no corresponding deadline for complaints filed under § 523(a)(3).  Bankruptcy Rule 4007(b)

5

provides that "[a] complaint other than under § 523(c) may be filed at any time." Fed.R.Bankr.P. 4007(b). Section 523(c) further explains:

> (c)(1) *Except as provided in subsection (a)(3)(B) of this section,* the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to excepted from discharge….

11 U.S.C. § 523(c)(1) (emphasis added).

Signorino is free to file a dischargeability complaint under § 523(a)(3) and is granted 21 days from the date of this order to do so.[5] If the complaint is not filed within that time and an order closing the case is subsequently entered, Signorino must file a motion to reopen the bankruptcy case in order to file his adversary complaint.

The Court makes no findings at this time regarding the issue of whether Signorino had notice or actual knowledge of the debtors' chapter 7 proceeding in time to timely file a dischargeability complaint. Should Signorino file an adversary proceeding under § 523(a)(3), issues of notice and/or actual knowledge will be litigated and determined in that proceeding.[6]

See Order entered this date.

ENTERED: June 6, 2017

                                        /s/ Laura K. Grandy
                                      UNITED STATES BANKRUPTCY JUDGE

---

[5] For reasons that are not clear to this Court, counsel for Signorino mistakenly assumes that the discharge order must be vacated or amended to allow Signorino additional time to file a complaint to determine dischargeability of debt. Counsel cites no authority for this position.

[6] To the extent that issues of collateral or judicial estoppel apply, those issues also will be litigated in the adversary case.